No. 95-1553

Robert A. Miller; Kody Miller,            *
by Robert A. Miller;                      *
                                          *
            Plaintiffs-Appellants,        *
                                          *
Robert Miller, by Robert A.               *
Miller;                                   *
            Plaintiff,                    *
                                          *
Carey Miller; Jeremiah Justin             *
Miller, by Carey Miller; Rick             *
Miller; James Miller; Claudia             *
Greiner; Ave Maria Askey;                 *
Nanette Kelley;                           *
                                          *
            Plaintiffs-Appellants,        *
                                          *
      v.                                  *   Appeal from the United States
                                          *   District Court for the
Tony Alamo, also known as Tony            *   Western District of Arkansas.
Fernando, also known as Tony              *
Fernando Alamo, also known as             *   [UNPUBLISHED]
Bernie Lazar, also known as               *
Bernie Hoffman, also known as             *
Bernie Lazar Hoffman, also known *
as Boris Lazar, also known as             *
Papa Tony, individually and as            *
officer and director of Tony &            *
Susan Alamo Foundation & Music            *
Square Church; Marc Landgarten,   *
individually and managing agent   *
for Tony & Susan Alamo                    *
Foundation & Music Square Church;*
Tommy Scarcello, individually &           *
managing agent for Tony & Susan   *
Alamo Foundation & Music Square   *
Church; Carol Ann Miller, also            *
known as Carol Ann Landgarten,            *
individually & managing agent             *
for Tony & Susan Alamo                    *
Foundation & Music Square Church;*
Susan L. Miller, also known as            *
Susan Scarcello, individually &   *
managing agent for Tony & Susan   *
Alamo Foundation & Music Square   *
Church;                                   *
                                          *
            Defendants,                   *

Edward Mick; William R. Levy;          *
Richard T. Hydell; William J.          *
Baxter; Lane L. Petra; Ralph           *
Malone; Debra Malone; Lucien           *
Claude; Donald Wylie; Kathy            *
Wylie; Kathy Wylie; A. Z. Hudson;*
Timothy J. Leathers, Commissioner*
of Revenues, Arkansas Department *
of Finance and Administration;         *
                                       *
          Intervenors,                 *
                                       *
United States of America,              *
Internal Revenue Service;              *
                                       *
          Intervenor-Appellee.         *

_____

Submitted:  November 24, 1995

Filed:  December 4, 1995
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.


The Millers appeal the district court's[1] orders granting in part their petition for attorneys' fees, pursuant to 26 U.S.C. § 7430, after they prevailed in litigation against the Internal Revenue Service.  We affirm.


The Millers argue the district court abused its discretion in reducing the number of hours they requested in their initial fee petition. We conclude the district court did not abuse its discretion in granting the Millers attorneys' fees for only half the hours they requested, and the court did not have to undertake an hour-by-hour analysis of the Millers' request.  See Kenagy v.

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

-2-

<u>United States</u>, 942 F.2d 459, 463 (8th Cir. 1991) (standard of review); <u>cf. Standley v. Chilhowee R-IV School Dist.</u>, 5 F.3d 319, 324 (8th Cir. 1993) (district court did not abuse discretion in reducing fee award by percentage). The district court's finding of excessive and redundant billing was supported by the fee petition and billing statement, and was not clearly erroneous.

The Millers also argue the district court abused its discretion in denying their Federal Rule of Civil Procedure 59(e) motion seeking fees for the fee litigation. Given the district court's familiarity with the circumstances involved in this protracted litigation, we believe it did not abuse its discretion by deciding further fees were not warranted. <u>See Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983) (district court appropriately has discretion in determining fee award because of its "superior understanding" of the litigation and desirability of avoiding frequent appellate review of essentially factual matters); <u>Commissioner, INS v. Jean</u>, 496 U.S. 154, 161-62 (1990) (district court has discretion to award fees for fee litigation).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-